# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 23-CR-00232-RDM |
| : | |
| CHRISTOPHER PEARCE, : | |
| : | |
| Defendant. : | |

## JOINT STATUS REPORT AND MOTION
## TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and Christopher Pearce ("defendant"), through counsel Mark Wilson, inform the Court that a plea agreement has been reached in the above-captioned case.

The United States and the defendant hereby move this Court to set a date for a plea hearing. Counsel for the Government is unavailable from September 11 through September 25, 2023. The United States and the defendant further move to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion through and including the date of the next hearing.

The basis for the requested exclusion of time under the Speedy Trial Act is that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Government counsel has communicated with counsel for the defendant and has received permission to represent that the defendant joins in this motion.

## FACTUAL BACKGROUND

On April 3, 2023, Christopher Pearce was charged by Complaint with violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C.

§ 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, and Picketing in a Capitol Building). On July 17, 2023, an Information was filed charging the defendant with the same four offenses. Pursuant to a written plea agreement, the defendant, through Counsel, has agreed to plead guilty to Count four of the Information 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, and Picketing in a Capitol Building).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion, the Court must exclude time under Section 3161(h)(1)(G) when there is "[d]elay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and he attorney for the Government."

The Court must also exclude "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

2

> i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

An interests-of-justice finding is within the discretion of the Court. See, e.g., *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Both parties have agreed to resolve the matter with a plea agreement. Both parties need time to prepare for the plea hearing and subsequent sentencing hearing. The Defendant agrees to exclude time under the Speedy Trial Act. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

## CONCLUSION

WHEREFORE, the Government and the defendant respectfully request that this Court grant the motion to set a plea hearing in this case and further requests that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion, through and including the date of the next hearing, on the basis that the parties are proposing to resolve this matter by a plea agreement and the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ Kyle R. Mirabelli*
KYLE R. MIRABELLI
Assistant United States Attorney
N.Y. Bar No. 5663166
601 D Street, N.W.
Washington, DC 20530
(202) 252-7884
Kyle.Mirabelli@usdoj.gov